**Merry Yosephien MACAWALANG; Yohanes Rombot, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–73332.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009 *.

Filed March 26, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kathleen S. Koh, Esquire, Law Office of Kathleen Koh, Whittier, CA, for Petitioner.

Ada E. Bosque, Esquire, OIL, Paul F. Stone, Esquire, DOJ—U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Merry Yosephien Macawalang and her husband, natives and citizens of Indonesia, petition for review of a Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we dismiss in part, deny in part and grant in part the petition for review.

 We lack jurisdiction to review the agency's determination that Macawalang failed to establish extraordinary circumstances to excuse the untimely filing of her asylum application because that finding is based on disputed facts. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir.2007) (per curiam).

Macawalang did not challenge the agency's denial of CAT relief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not specifically raised and argued in the opening brief are waived).

Substantial evidence does not support the IJ's adverse credibility determination. *See Akinmade v. INS*, 196 F.3d 951, 954 (9th Cir.1999) (minor errors or inconsistencies do not constitute a valid ground upon which to base a credibility finding). The discrepancies between Macawalang's testimony and her asylum application regarding minor details of the attempted rape in May 1998 are not material and do not support an adverse credibility finding. *See id.* In addition, Macawalang's revised testimony that her religious retreat was not actually canceled does not serve to enhance her claim. *See Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir.2000) (discrepancies that cannot be viewed as attempts to enhance a claim of persecution has no bearing on credibility). Lastly, the IJ's credibility finding regarding Macawalang's

employment in the United States during her pregnancy and related illness does not relate to the basis of her alleged fear of persecution. *See Bandari v. INS*, 227 F.3d 1160, 1166–68 (9th Cir.2000).

Accordingly, we grant the petition for review and remand for the agency to consider whether Macawalang has shown eligibility for withholding of removal. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DISMISSED as to asylum; DENIED as to CAT; GRANTED as to withholding of removal; and REMANDED.**